In the Matter of JEROME O. ELLIS, an Attorney, Appellant. HAROLD M. KENNEDY, Respondent.

Argued March 5, 1940; decided April 16, 1940.

*Harold H. Corbin, Edward J. Bennett, Ira L. Tilzer* and *James J. McLoughlin* for appellant. Where an immunity statute applies, the testimony of a witness may be had upon a mere direction to answer. A bare refusal to waive immu-

nity cannot conceal facts or deceive a court. No question of good or bad faith arises. No inference of guilt may be drawn from the refusal. (*Matter of Rouss,* 221 N. Y. 81; *Matter of Solovei,* 250 App. Div. 117; 276 N. Y. 647; *Boyd* v. *United States,* 116 U. S. 616; *People* v. *Bermel,* 71 Misc. Rep. 356.)

*Harold M. Kennedy, Robert Abelow* and *Murray M. Halwer* for respondent. Appellant endeavored to thwart and impede the investigation ordered by the Appellate Division and such action on his part was in bad faith. (*Matter of Kaffenburgh,* 188 N. Y. 49; *Matter of Rouss,* 221 N. Y. 81; *Matter of Solovei,* 250 App. Div. 117; 276 N. Y. 647; *Matter of Levy,* 255 N. Y. 223; *People ex rel. Karlin* v. *Culkin,* 248 N. Y. 465; *Matter of Fenn,* 128 S. W. [2d] 657.)

*Per Curiam.* This is a disciplinary proceeding which was argued with *Matter of Grae* (282 N. Y. 428), a proceeding of similar character decided herewith.

On June 8, 1938, the Appellate Division, second department, upon petition by the Richmond County Bar Association, ordered an inquiry into certain alleged unlawful and unethical practices impairing the administration of justice in Richmond county. The order also directed that the inquiry should be conducted by a Special Term of the Supreme Court, Mr. Justice FRANCIS G. HOOLEY, presiding, and designated Harold M. Kennedy, Esq., as counsel.

Upon the present appeal from an order of the Appellate Division suspending the appellant from practice, we regard the single question of law involved as controlled by our decision in *Matter of Grae* (*supra*). It appears from the records in both *Matter of Grae* (*supra*) and the present proceeding that disciplinary action was sought because of the fact that, when called as a witness upon the Richmond county inquiry, each appellant declined to sign a waiver of immunity. The only substantial difference in the two records is that it appears in the present proceeding that on

July 11, 1938, Mr. Ellis, appearing as a witness at the inquiry, not only declined to sign a waiver of immunity — which was the only charge against Mr. Grae — but in addition Mr. Ellis declined to answer any questions upon the ground that such answers would tend to incriminate or degrade him. However, it is not disputed that on July 14, 1938, three days after such declination, the appellant Ellis wrote to Mr. Justice HOOLEY as Presiding Justice at the inquiry, stating in part: " My position was then, and is now, that while I should not in justice to myself sign a waiver of immunity, I am, nevertheless, perfectly willing, if you so direct, to appear at any time and place fixed by Your Honor and will answer whatever questions are asked of me concerning the matter under inquiry, but, as stated before, I will not sign a waiver of immunity."

Receiving no response to his letter to Mr. Justice HOOLEY, the appellant on July 21, 1938, wrote a letter to Harold M. Kennedy, Esq., the special counsel appointed to aid the Special Term upon the inquiry, stating in part: " It has always been my intention to cooperate fully with the investigation that is now being conducted by you so long as I am not obliged to sign a waiver of immunity as expressed to you and Mr. Justice HOOLEY at our first interview.

" I have always been and I now am entirely willing to afford you all available information which may aid you in your objectives."

On the following day, July 22, 1938, the appellant received a reply from Mr. Kennedy, stating in part: " You will of course appreciate that your position was spread upon the record. You further appreciate that *under the circumstances Mr. Justice Hooley feels that your testimony should not be taken unless it is preceded by a waiver of immunity.*"

In our view of the record in the present proceeding, with special reference to those portions thereof quoted above, the question to be determined is reduced to the same question determined in *Matter of Grae (supra)*, viz.: Did the appellant's refusal to sign a waiver of immunity constitute conduct prejudicial to the administration of justice within the

provisions of section 88, subdivision 2, of the Judiciary Law (Cons. Laws, ch. 30), sufficient to warrant disciplinary proceedings against him?

The order of the Appellate Division should be reversed, without costs, and the proceeding dismissed.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Order reversed, etc.